Spader Estate.

Submitted January 20, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Albert Spader,* appellant, in propria persona.

*Edgar R. Casper,* Deputy Attorney General, and *Walter E. Alessandroni,* Attorney General, for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 17, 1964:

Albert Spader is confined in Farview State Hospital, Waymart, Pennsylvania. He petitioned the United States District Court for the Middle District of Pennsylvania for a writ of habeas corpus, attacking as illegal: (1) his arrest, detention and criminal conviction in New Jersey; and (2) his subsequent surrender to the Pennsylvania Board of Parole and his commitment to, and present detention in, Farview State Hospital.

The district court held that Spader had not exhausted his state remedies and dismissed his petition. Spader appealed the district court's order to the United States Court of Appeals for the Third Circuit, which affirmed the district court's order and awarded costs against Spader.

John P. Shovlin, M.D., Superintendent of Farview, then petitioned the Orphans' Court of Wayne County for leave to pay the award of costs out of assets of Spader held by Shovlin. In his petition, Shovlin averred that Spader's gross estate is less than $2,500 and sought authorization to sell certain bonds in his custody, in order to pay the costs award in the amount of $173.93.

The court below, on the authority of §§201 and 202 of the Incompetents' Estates Act of 1955, 50 P.S. §§3201, 3202, entered the order prayed for; this appeal followed.

While the record and the briefs are, at best, unsatisfactory, it is apparent that the instant appeal is without merit. Attacks upon the legality of Spader's confinement are not germane to the matter at bar, the only question before us being the propriety of the order of the orphans' court. Aside from these irrelevant attacks on his confinement, Spader complains: (1) that costs were not taxed against him by the court of appeals; and (2) that the expenditure of the money in question is not in his best interest.

Spader is simply mistaken in his assertion that costs were not awarded against him, the record clearly indicating to the contrary. As to his second assertion, we perceive that the payment of the just debts of the incompetent is in his best interest and his guardian should be authorized to do so where possible.

Order affirmed, costs on appellant.